Efrid **BROWN** and **William J. Johnson, Jr., Petitioners,**

v.

**Frank O. GUNTER, Superintendent MCI–Walpole, Respondent.**

Civ.A. No. 76–3416–S.

United States District Court, D. Massachusetts.

March 2, 1977.

Efrid Brown, pro se.

William J. Johnson, Jr., pro se.

Robert V. Greco, Asst. Atty. Gen., Boston, Mass., for respondent.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

This is a petition for writ of habeas corpus by two prisoners presently confined in the Massachusetts Correctional Institution at Walpole, serving a life sentence following conviction in the Superior Court of murder in the first degree. The respondent has filed a motion to dismiss for failure to state a claim. The matter was referred to the Magistrate, for findings and recommendations, pursuant to Rule 6 F. of the Rules for United States Magistrates.

The petitioners have objected to the reference of the Magistrate on the grounds that the issue is not within the Magistrate's jurisdiction citing *Wingo v. Wedding,* 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974); *O'Shea v. United States,* 491 F.2d 774 (1st Cir. 1974). Those cases deal with the power of the Magistrate to hold evidentiary hearings and to make final determinations in habeas corpus cases. In the present case, the matter was not referred to the Magistrate for either of those purposes. In fact, it does not appear from the pleadings that there is any dispute as to the material facts in the case or any need for an evidentiary hearing.

The material facts are substantially as follows: The petitioners were indicted for murder in the first degree and other offenses. After the trial in the Superior Court, the jury reported a verdict of not guilty, which was affirmed by the jury as a whole. The verdict was recorded and the jury discharged. Within minutes thereafter, one of the jurors reported to a court officer that the verdict was incorrectly taken because of some confusion about the form for recording the vote which was given to the jurors by the clerk. The jurors had not at this time separated, nor had they been in conversation with any other person. The jurors were then recalled by the presiding judge and inquired of again concerning their verdict. The foreman explained that they had meant to find the defendants not guilty of entering with intent to commit murder, but guilty of murder in the first degree. The corrected verdict of guilty of murder in the first degree was then returned, affirmed and recorded, and the jury was then discharged.

The trial judge then held an evidentiary hearing immediately after this verdict in which the clerk and the court officer testified. The judge made findings that the jury had remained "an undispersed unit still within the control of the court and in the custody of the court officers, and they were not subject to any judicial or extra-judicial influence before they returned to the court room to announce the true verdicts." The convictions were appealed to the Supreme Judicial Court of Massachusetts. The convictions were reversed on the ground that the trial judge had given a so-called "dynamite charge", which, in addition to the usual problems, was fatally lacking in symmetry.

The Supreme Judicial Court discussed the effect of the correction of the verdict and came to the following conclusion:

It is sufficient for present purposes that the erroneous 'not guilty' verdicts on the murder indictments do not preclude a new trial.

*Commonwealth v. Brown,* Mass., 323 N.E.2d 902, 905 (1975).

The case was accordingly remanded to the Superior Court for a new trial. The new trial resulted in the convictions and sentences which the petitioners are serving and from which they now seek release.

The Magistrate has recommended that the petition be dismissed on two grounds. First, that the petition does not state a cause of action with respect to the first conviction, and, second, that there has not been an exhaustion of remedies with respect to the second.

It seems to me, however, that the Magistrate has missed the point of the petitioners' complaint. They are clearly not complaining about the first conviction which was set aside by the Supreme Judicial Court and therefore is a nullity. It is true that their appeals from the second conviction have not yet been prosecuted, but their complaint is that they should never have been put to trial the second time because the original verdicts of not guilty constituted a final disposition of the case. It follows, they say, that putting them to trial a second time constituted double jeopardy in violation of the Fourteenth Amendment. There is no longer any doubt that the due process clause of the Fourteenth Amendment incorporates the double jeopardy prohibition of the Fifth Amendment. *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

The Supreme Judicial Court of Massachusetts dealt specifically with this point in the sentence from its opinion quoted above. The issue having been determined by the highest court in the state, there is no question that the petitioners have exhausted state remedies.

They are entitled to relief only if the resolution by the state court violates the constitutional provision. There is clearly a rule in Massachusetts and elsewhere, as the petitioners have pointed out and supported by citation, that the power to correct a verdict expires when the verdict is affirmed and recorded and the jury discharged. No case cited by the petitioners, nor any case that I have found by independent research elevates this principle to constitutional stature. It is a principle of such general acceptance that it might well be deemed to have been incorporated in the concept of due process.

Even assuming this to be so, it does not follow that the state court cannot within reasonable limits determine for itself what constitutes such a discharge and separation of a jury as to preclude the correction of what clearly was an erroneous verdict. I find no case which is sufficiently close on its facts to provide a guide to the conduct of the state court in this respect. Treating the constitutional issue on these facts as one of first impression, I am of the opinion that the conduct of the state court was well within rational limits and sufficiently protected the constitutional rights of the petitioners.

Accordingly, I am of the opinion that the erroneous verdict of not guilty in the first trial was not a final determination of the proceedings against the petitioners and that, therefore, their second trial did not violate their right not to be twice placed in jeopardy. I therefore allow respondent's motion to dismiss on the ground that the complaint does not state a cause of action under Fed.R.Civ.P. 6(b).